UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLADYS CORTES, | Case No. 2:14-CV-1235-KJD-VCF |
| Plaintiff, | |
| v. | ORDER |
| REPUBLIC MORTGAGE LLC, et al., | |
| Defendants. | |

Before the Court are two motions to dismiss (##4, 5) filed by Defendants Republic Mortgage LLC and others. These two motions are substantively identical, and were opposed in the same filing by Plaintiff Cortes (#10). Defendants then replied (#12). Plaintiff brought suit against Defendants for quiet title and slander of title. Plaintiff asserts that Defendants have no valid interest in the property.

I. Legal Standard: Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the

…

speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.  Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

II. Analysis

Federal Rule of Civil Procedure 12(b), the basis for dismissal cited by Defendants, refers to the failure of a plaintiff's claims. Unsurprisingly, these claims should supply the organizational framework and be the central focus of Defendants' motion. This is not to say that Defendants should have omitted the global theories asserted, but only that such arguments are most effective when couched in the context of a specific claim for relief.

A. Quiet Title

In Nevada, the elements of a quiet title claim are: "(1) the party seeking to have another

party's right to property extinguished, must overcome the presumption in favor of the record titleholder, and (2) to allege that he has paid any debt owed on the property." Olarte v. DHI Mortgage, 2:13-CV-0044-LDG-PAL, 2013 WL 5492694, at *2 (D. Nev. Sept. 27, 2013). Plaintiff has failed to allege that she has paid the debt owed on the property.

### B. Slander of Title

In Nevada, the elements of a slander of title claim are: (1) false and malicious communications, (2) disparaging to one's title in land, and (3) causing special damage. Higgins v. Higgens, 744 P.2d 530, 531 (Nev. 1987). Malice requires proving that "the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity." Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983). However, where a defendant has reasonable grounds for belief in his claim, there is no malice. Id. at 1135. Plaintiff has failed to allege that Defendants' claims were malicious, her strongest statement being that the process through which Defendants claim title is "questionable." This is insufficient. Further, it is unclear that Plaintiff has sufficiently pled special damages.

### C. Injunctive Relief

As correctly noted by Defendants, injunctive relief is simply a specific form of relief, and not a claim. As Plaintiff has failed to state claims for which relief may be granted, no relief of any type may issue.

### III. Additional Matters

### A. Standing

Plaintiff makes the highly unusual argument that Defendants' motions to dismiss should be denied because the Defendants lack standing. Plaintiff asserts that Defendants lack standing because their interest in the property underlying this matter is "at best questionable." (#10 at 7). To the extent that Plaintiff argues that Defendants lack standing to foreclose "foreclosures in Nevada are non-judicial, [meaning that] parties initiating foreclosure proceedings are not required to prove standing to foreclose in a court of law before initiating the foreclosure

process." <u>Birkland v. Countrywide Home Loans, Inc.</u>, 2:11-CV-00502-GMN, 2012 WL 83773 (D. Nev. Jan. 11, 2012). To the extent that Plaintiff argues that Defendants lack standing to move for dismissal of the action, it is axiomatic that bringing a lawsuit grants a named defendant standing to challenge the suit.

### B. The Bankruptcy Proceeding

Both parties try to assert claims of res judicata and other arguments based on the bankruptcy court proceeding. Such arguments have been insufficiently briefed.

### IV. Conclusion

In accordance with the above discussion, Defendants' two motions to dismiss (##4, 5) are **HEREBY GRANTED**. However, as it is possible for Plaintiff to remedy the defects of her complaint, dismissal is without prejudice, and Plaintiff is granted leave to amend the Complaint.

DATED this 3rd day of September 2014.

_____
Kent J. Dawson
United States District Judge