UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GLADYS CORTEZ,

        Plaintiff,

 v.

REPUBLIC MORTGAGE LLC, *et al.*,

        Defendants.

Case No. 2:14-CV-1235-KJD-VCF

ORDER

  Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (#16). Plaintiff Cortez opposed the motion (#17), and Defendants filed two separate replies (##19, 20).

**I. Background**

  The undisputed facts are as follows: Plaintiff purchased the relevant residential property in 2006 as her principal residence with funds obtained via mortgage loan, and secured by a deed of trust. MERS (Mortgage Electronic Registration Systems, Inc.) was nominee for the lender (Republic Mortgage, LCC) and its successors (#16, Ex. A).[1] It is undisputed that a notice of default, which was later rescinded, was recorded in 2009. In September 2010, Plaintiff filed for Chapter 13 Bankruptcy. In November 2010, MERS assigned the deed of trust to BACHLS (BAC Home Loans Servicing LP) (#16, Ex. B). BACHLS filed a proof of claim in the Bankruptcy

---

[1] The Court takes judicial notice of the public records submitted as exhibits in Defendants' motion. "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).

1  Court, to which Plaintiff objected. The Bankruptcy Court found that BACHLS "did not produce
2  sufficient evidence to demonstrate it has standing to enforce the claim and/or that it is the real
3  party in interest;" and consequently "does not have standing to enforce the asserted proof of
4  claim." (Bankruptcy Case 10-28528-mkn, #113). As a result, the Bankruptcy Court struck
5  BACHLS' proof of claim and ordered the trustee not to disburse any additional funds under the
6  claim. Id.

7  In March 2012, Plaintiff filed a modified Chapter 13 bankruptcy plan. (Bankruptcy Case
8  10-28528-mkn, #117). That plan was subsequently confirmed by the Bankruptcy Court
9  (Bankruptcy Case 10-28528-mkn, #124). The order states that Class 2 secured claims are secured
10 claims for real estate loans that were delinquent when the petition was filed, that such claims are
11 not modified by the plan, and that the creditor retains its existing lien until paid in full.
12 (Bankruptcy Case 10-28528-mkn, #124). The confirmed plan lists BACHLS' claim as a Class 2
13 claim. Id. Plaintiff included a proposed provision permitting Plaintiff, upon discharge, to file the
14 plan with the Clark County Recorder's Office, to the effect of extinguishing all interests
15 BACHLS, its predecessors, or assigns, may have in the subject property. Id. The Bankruptcy
16 Court struck this provision prior to confirming the plan. Id. In September of 2013, BACHLS
17 transferred its claim to Nationstar Mortgage. (Bankruptcy Case 10-28528-mkn, #146). It also
18 appears to be undisputed that Nationstar has now asserted an interest in the property as servicer
19 for Fannie Mae.

20 Plaintiff has filed an amended complaint which includes the following claims: First,
21 declaratory relief and quiet title; second, slander of title; third, "robo signatures" under Nevada
22 Assembly Bill 284 and 300; and fourth, "preliminary and permanent injunction."

23 **II. Legal Standard for Dismissal**

24 A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
25 can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and
26 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

**III. Analysis**

   **A. Impact of the Bankruptcy Court Plan**

Plaintiff's claims revolve around the idea that the Bankruptcy Court extinguished Defendants' interest in the property through the modified plan. While no evidence has been

presented which supports this assertion, several facts dramatically contradict it. First, Congress has largely prohibited such a course. A bankruptcy plan may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2); In re Harlan, 783 F.2d 839, 840 (9th Cir. 1986). Second, as noted above, the modified plan itself makes clear that Defendants' "claims are not modified by this plan and the creditor shall retain its existing lien until paid in full."[2] Lastly, such modification would likely run afoul of due process requirements. See In re Kleibrink, 621 F.3d 370, 371 (5th Cir. 2010). In sum, Plaintiff has alleged no facts and presented no law suggesting that the bankruptcy plan altered Defendants' interest in the subject property.

**B. Declaratory Relief and Quiet Title**

As a preliminary note, Defendants deny that they claim any "interest adverse to Plaintiff's title . . . ." Thus, it appears that Plaintiff's claim may be more properly styled as one to clarify or remove a cloud on title. Regardless, in Nevada, "[a] plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013). Given the Bankruptcy Court's rejection of Defendants' proof of claim, and the scant evidence of proper transfer of the mortgage submitted to this Court, it remains unclear precisely which Defendants hold what interest. Accordingly, although the Court strongly suspects the outcome of this claim will simply be to clarify which Defendants possess what interest in the property, Plaintiff has stated a claim for quiet title.

**C. Slander of Title**

Slander of title requires "that the words spoken be false, that they be maliciously spoken

---

[2] To the extent that Plaintiff attempts to make use of the Court's language that BACHLS "is not a real party in interest with standing," that language is inherently limited to the question before the Court of whether BACHLS had standing to enforce its secured claim in the bankruptcy proceeding. Any larger reading is unsupported by legal principle, and is contradicted both in statute, and in the Bankruptcy Court's order.

and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983). Despite Defendants' assertion that special damages have not been pled, courts have "allowed as the only special damage in slander of title actions the expense (in addition to taxable costs of suit) of removing the cloud upon a plaintiff's title, and such has been deemed not a bar to maintaining the action for slander of title." Summa Corp. v. Greenspun, 655 P.2d 513, 515 (Nev. 1982). While the Court finds this a close case, given the unclear transfers of interest noted above, the Court finds that Plaintiff has stated a claim.

### D. Robo-Signing

Plaintiff asserts a claim for "robo-signing" various documents. This claim is asserted under Nevada Assembly Bills 284 and 300,[3] alleging that the requisite affidavits were improperly filed because they were not based upon the affiant's knowledge. Defendants assert—and Plaintiff fails to even address the contention—that both of these bills are irrelevant as they became law only after Defendants' relevant acts, and they do not apply retroactively. Accordingly, and in harmony with Local Rule 7-2(d), the Court construes Plaintiff's failure to oppose this argument as consent to the granting of the motion as to this claim.

### E. Declaratory and Injunctive Relief

As explained by this Court's prior Order (#13), this "claim" is simply a prayer for a certain type of relief. Whether such relief may issue is a question reserved for the resolution of this matter.

///

///

///

///

---

[3] No explanation is provided for citing to the assembly bills rather than to the NRS, which would be the appropriate course of action here.

**III. Conclusion**

Accordingly, Defendants' Motion to Dismiss (#16) is **HEREBY DENIED** in part, and **GRANTED** in part as to the "robo-signing" claims.

DATED this 24th day of November 2014.

                                              _____
                                              Kent J. Dawson
                                              United States District Judge