# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

GLADYS CORTES,

        Plaintiff,

vs.

REPUBLIC MORTGAGE, LLC; *et.al.*,

        Defendants.

Case No. 2:14–cv–1235–KJD–VCF

**<u>ORDER</u>**

RENEWED MOTION TO RE-OPEN DISCOVERY (DOC. #45)

      This matter involves Plaintiff Gladys Cortes' civil action against Republic Mortgage and other Defendants. Before the court are Cortes' renewed motion to re-open discovery (Doc. #45), the Defendants' response (Doc. #47), and Cortes' reply (Doc. #49). For the reasons stated below, Cortes' motion is denied.

## I. Background

      In June 2014, Plaintiff Gladys Cortes sued the Defendants, alleging that the Defendants' lacked standing to initiate foreclosure proceedings against Cortes' home. (Doc. #1). The court entered a discovery plan and scheduling order setting June 3, 2015 as the discovery cutoff date. (Doc. #25). The parties stipulated to extend the discovery cutoff date to September 3, 2015. (Doc. #29). On October 10, 2015, Cortes brought her first motion to reopen discovery. (Doc. #35). The court held a hearing on November 23, 2015. (Doc. #41). At the hearing, the court granted a limited reopening of discovery to allow Cortes to take the PMK deposition of Defendant Nationstar; all other requests to reopen discovery were denied. (Id.). Cortes now brings her second motion to reopen discovery, in which she argues that discovery needs to be reopened so that she may obtain certain responsive documents from the Defendants.

## II. Legal Standard

Federal Rule of Civil Procedure 16(b) requires the court to enter a scheduling order that governs, among other issues, the discovery cutoff dates. "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily consider the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule, 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

## III. Discussion

Cortes fails to show good cause to reopen discovery. Cortes offers three reasons why discovery should be reopened: (1) she believed that she could resolve her discovery dispute with the Defendant's without court intervention, (2) she only learned that the Defendants possessed certain responsive documents after Nationstar's PMK deposition, and (3) the Defendant's failure to produce responsive documents during discovery necessitated Cortes' motion to reopen discovery. Cortes' arguments in favor of reopening discovery are unpersuasive. Cortes cites to no authority that supports her position that discovery should be reopened; rather she reiterates why she believes she is entitled to responsive documents. Cortes' arguments might have been appropriate as part of a motion to compel, after an appropriate consultation with opposing counsel. They do not constitute "good cause" in a motion to reopen discovery.

ACCORDINGLY, and for good cause shown,

/// /// ///

/// /// ///

/// /// ///

/// /// ///

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IT IS HEREBY ORDERED that Cortes motion to reopen discovery (Doc. #45) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE