# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLADYS CORTES

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, *et al.*,

    Defendants,

Case No. 2:14-CV-01235-KJD-VCF

**ORDER**

    Presently before the Court is Defendants' Motion for Summary Judgment (#46). Plaintiff filed a response (#48) to which Defendants replied (## 51, 52).

I.  Background

    Plaintiff purchased the subject property in 2006 as her principal residence with funds obtained via mortgage loan, and secured by a deed of trust. Mortgage Electronic Registration Systems, Inc. (MERS) was nominee for the lender Republic Mortgage, LLC and its successors (#16, Ex. A). In September 2010, Plaintiff filed for Chapter 13 Bankruptcy. In November 2010, MERS assigned the deed of trust to BAC Home Loans Servicing LP ( BACHLS). (#16, Ex. B). BACHLS filed a proof of claim in the Bankruptcy Court, to which Plaintiff objected. The Bankruptcy Court found that BACHLS "did not produce sufficient evidence to demonstrate it has standing to enforce

1  the claim and/or that it is the real party in interest;" and consequently "does not have standing to
2  enforce the asserted proof of claim." (Bankruptcy Case 10-28528-mkn, #113). As a result, the
3  Bankruptcy Court struck BACHLS' proof of claim and ordered the trustee not to disburse any
4  additional funds under the claim. Id.

5  In March 2012, Plaintiff filed a modified Chapter 13 bankruptcy plan. (Bankruptcy Case
6  10-28528-mkn, #117). That plan was subsequently confirmed in an order by the Bankruptcy Court
7  (Bankruptcy Case 10-28528-mkn, #124). The order states that "Class 2 secured claims are secured
8  claims for real estate loans that were delinquent when the petition was filed, that such claims are not
9  modified by the plan, and that the creditor retains its existing lien until paid in full." (#21 at 2). The
10 confirmed plan lists BACHLS claim as a Class 2 claim. Id. Plaintiff included a proposed provision
11 permitting Plaintiff, upon discharge, to file the plan with the Clark County Recorder's Office, to the
12 effect of extinguishing all interests BACHLS, its predecessors, or assigns, may have in the subject
13 property. Id. The Bankruptcy Court struck this provision prior to confirming the plan. Id. In
14 September of 2013, Bank of America, N.A. (BANA), having merged with BACHLS, transferred its
15 claim to Nationstar Mortgage. (#46 Ex. E).

16 Plaintiff filed an amended complaint with this court which included the following claims:
17 First, declaratory relief and quiet title; second, slander of title; third, "robo signatures" under Nevada
18 Assembly Bill 284 and 300; and fourth, "preliminary and permanent injunction." In an order on
19 Defendant's Motion to Dismiss, this Court dismissed claim three, "robo signatures," and found that
20 claim four was a simple prayer for relief. (#21 at 5).

21 II. Legal Standard

22 Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,
23 and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any
24 material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ.
25 P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the
26 initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at

2

323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis

    **1. Quiet Title**

Plaintiff is seeking quiet title in the subject property. In Nevada, quiet title is an action "brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Chapman v.

3

Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013). Additionally, "each party must plead and prove his or her own claim to the property in question." Id. However, a claim for quiet title does not require any particular elements, but "depends on superiority of title." Id. If Plaintiff cannot establish a genuine issue of material fact as to the deed of trust and the beneficiary interest, Plaintiff has not established superiority of title. Laurent v. JP Morgan Chase, N.A., No. 214CV00080APGVCF, 2016 WL 1270992 (D. Nev. Mar. 31, 2016).

Here, Defendants have provided evidence showing that NationStar is the current holder of the beneficiary interest in the deed of trust. (#46 Ex. B and E). Further, Defendants submitted evidence clarifying which Defendant has what interest in the subject property. (#46 Ex. B, C, D, E and F). The assignments of the beneficiary interest in the deed of trust are as follows; MERS, the original beneficiary in the deed of trust, assigned the interest to BACHLS on November 22, 2010, BACHLS subsequently merged with BANA who became the beneficiary, BANA then assigned the interest to NationStar on July 17, 2014. (#46 Ex. B, D, and E). Thus, Defendants have established a claim to title in the subject property.

Conversely, Plaintiff has not provided any competent or authenticated evidence indicating that her interest in the title to the subject property is more than that of a trustor.[1] Instead, Plaintiff is relying on an alleged weakness in Defendants title claim, which is insufficient. See Laurent, 2016 WL 1270992, at *3-4. However, according to the chain of title evidence provided by Defendants, both Plaintiff and Defendants have valid interests in the subject property. (#46 Ex. B and H).

However, Plaintiff argues that Defendants do not have any interest in the subject property. (#48 at 10). Although Plaintiff bases her argument on the Bankruptcy court's statement that BACHLS "did not produce sufficient evidence to demonstrate it has standing to enforce the [proof of] claim and/or that it is the real part of interest," (#48 Ex. 2 at 2), Plaintiff has not provided

---

[1] The Court notes that a deed of trust and promissory note were submitted by Defendants in support of their claims, and not by Plaintiff. These documents establish Plaintiff as trustor. (#46 Ex. B and H).

4

additional authority or evidence to supplement this claim. Further, this Court addressed Plaintiff's argument in its order on Defendant's Motion to Dismiss:

> To the extent that Plaintiff attempts to make use of the Court's language that BACHLS "is not a real party in interest with standing," that language is inherently limited to the question before the Court of whether BACHLS had standing to enforce its secured claim in the bankruptcy proceeding. Any larger reading is unsupported by legal principle, and is contradicted both in statute, and in the Bankruptcy Court's order.

(#21 at 4, FN 2). The Court therefore, finds there is no genuine issue of material fact regarding superiority of title because Plaintiff failed to provide support for her argument. Accordingly, Defendant is granted summary judgment as to Plaintiff's claim of Quiet Title.

**2. Slander of Title**

In Nevada, slander of title requires "that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." Rowland v. Lepire, 99 Nev. 308, 313 (1983). Additionally, the court in Rowland held that a Defendant must know "that the statement was false or act in reckless disregard of its truth or falsity" to show malice. Id. Further, courts have "allowed as the only special damage in slander of title actions the expense (in addition to taxable costs of suit) of removing the cloud upon a plaintiff's title, and such has been deemed not a bar to maintaining the action for slander of title." Summa Corp. v. Greenspun, 98 Nev. 528, 531 (1982).

*False & Malicious*

According to Plaintiff, Defendants recorded assignments with the Clark County Recorder's Office alleging interest in the subject property. Plaintiff alleges Defendants had express knowledge that they did not have any interest in the subject property, making the recorded documents impliedly false and malicious. (#48 at 17). However, the only evidence Plaintiff provides to support this claim is the Bankruptcy Court's finding that Defendants had no standing in a proof of claim proceeding. However, this Court has previously determined that the Bankruptcy Court's finding is inapplicable here. (#21 at 4, FN 2).

If a Defendant "has reasonable grounds for belief in his claim, he has not acted with malice." Rowland, 99 Nev. at 313. Here, Defendants' reasonable ground for belief in their interest in the subject property is based on the proper assignments of the beneficiary interest, Thus it is apparent that Defendants did not act with malice. (#46 Ex. B, D, and E).  Additionally, because the Defendants have demonstrated a legitimate interest in the subject property, the recorded documents are not considered false. Accordingly, Defendant is granted summary judgment as to Plaintiff's slander of title claim.

*Special Damages*

"An award of expenses [is] an element of special damages and sufficient to establish the tort of slander of title." Summa Corp., 98 Nev. at 515. Thus, the effort of Plaintiff to remove the alleged cloud on her title may have been enough to establish special damages in a slander of title claim. However, because Plaintiff did not present evidence to create a material question of law or fact regarding the falsity of Defendants' recorded documents, the Court need not address this element.

For the above reasons, the Court grants Defendants' summary judgment on this claim.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#46) is **GRANTED**.

Dated this 8th day of June 2016.

_____
Kent J. Dawson
United States District Judge